THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EARL BOOKERT FLEMING,

Petitioner,

v.

MARGARET GILBERT,

Respondent.

CASE NO. C16-0636 JCC

ORDER ADOPTING REPORT AND RECOMMENDATIONS

This matter comes before the Court on Petitioner's objections (Dkt. No. 17) to United States Magistrate Judge Tsuchida's report and recommendation (Dkt. No. 18). For the reasons explained herein, the report and recommendation (Dkt. No. 17) is ADOPTED and Petitioner's objections (Dkt. No. 18) are OVERRULED.

**I. BACKGROUND**

Petitioner Earl Bookert Fleming is a state prisoner currently incarcerated at the Stafford Creek Corrections Center in Aberdeen, Washington. (Dkt. No. 19 at 1.) On May 17, 2016, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. No. 5), challenging a 2010 verdict and sentence of two counts of second-degree rape of a child and one count of third-degree rape of a child (Dkt. No. 13-1). Mr. Fleming's petition raised three grounds for relief:

1. Whether the trial court erred when it found K.F.'s testimony admissible under Evidence Rule ("ER") 404(b).

> 2. Chain of evidence: Exhibit inadmissible if it is properly identified as being the same object and in the same condition as it was when initially acquired by the party.
> 3. Whether the prosecutor committed misconduct when the conduct "is both improper and prejudicial in the context of the entire record and circumstances at trial."

(Dkt. No. 5 at 5, 7.)

U.S. Magistrate Judge Tsuchida issued a report and recommendation concluding that Petitioner's three claims were without merit and recommended that this Court dismiss the petition with prejudice and deny a certificate of appealability. (Dkt. No. 17.) Petitioner objects to the recommendation that it was not error for the trial court to admit K.F.'s testimony under ER 404(b). (Dkt. No. 18.) Specifically, Petitioner argues that his testimony was improperly admitted under Revised Code of Washington section 10.58.090, and that its admission violated the federal constitution's prohibition against ex post facto laws. (Dkt. No. 5-1 at 38; Dkt. No. 18 at 1–3.) Petitioner also objects to the recommendation that no certificate of appealability should issue, however he offers no argument as to why. (Dkt. No. 18 at 3.)

## II. DISCUSSION

### A. Standard of Review

Objections to a magistrate judge's report and recommendations are reviewed de novo. 28 U.S.C. § 636(b)(1), *accord*, Rule 8(b), Rules Governing Section 2254 Cases. A federal habeas court will defer to a state court's decision with respect to any claim that was adjudicated on the merits unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). Furthermore, a state court's findings of fact are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1).

**B. Petitioner's Objection to the ER 404(b) Recommendation**

In December 2008, then 14 year old T.F. went to the school nurse with a stomach ache. (Dkt. No. 17 at 2.) During the course of the examination, T.F. revealed that her father, Petitioner Fleming, repeatedly sexually abused her. (*Id.*) T.F. took a pregnancy test which confirmed that she was pregnant. (*Id.*) A paternity test revealed that there was a 99.998229 percent probability that Petitioner was the father. (*Id.* at 3.) At trial, T.F. testified that Petitioner had abused her multiple times at three different homes over the course of many years. (*Id.* at 2.) In addition to the paternity test and T.F.'s testimony, the trial court allowed T.F.'s older sister, K.F., to testify that Petitioner abused her once when she lived with Petitioner for a period of four or five months in 2004 and 2005. (*Id.* at 3.) Petitioner did not testify, but in a phone call to T.F.'s mother, when confronted with the paternity test, admitted that he "made mistakes." (*Id.*)

In his habeas petition, Mr. Fleming challenged the trial court's admission of K.F.'s testimony. (Dkt. No. 5-1 at 38.) He argued that the testimony was improperly admitted through § 10.58.090. (*Id.*) Section 10.58.090 made admissible "evidence of the defendant's commission of another sex offense or sex offenses . . . notwithstanding Evidence Rule 404(b) if the evidence was not inadmissible pursuant to Evidence Rule 403."[1] Petitioner argued that the admission of K.F.'s testimony violated the federal constitution's prohibition against ex post facto laws because the alleged sexual abuse of K.F. occurred before the statute came into effect. (Dkt. No. 5-1 at 38.)

Judge Tsuchida's report and recommendation accurately points out that the trial court first turned to ER 404(b) to determine whether the testimony was admissible, and began with the presumption that evidence of prior bad acts is inadmissible. (Dkt. No. 17 at 6–7.) The trial court then noted that Washington courts permit the evidence in child sexual abuse cases to show a common scheme or plan if the prior bad acts are: (1) proved by a preponderance of the evidence;

[1] The Washington Supreme Court found this statute unconstitutional because it violated the separation of powers doctrine. *State v. Gresham*, 269 P.3d 207 (Wash. 2012).

(2) admitted for the purpose of proving a common plan or scheme; (3) relevant to prove an element of the crime charged or to provide a defense; and (4) more probative than prejudicial. (*Id.*; Dkt. No. 14-21 at 8–9.) The trial court then went through the elements in detail and concluded the evidence was admissible under ER 404(b). (*Id.*) The trial court later completed an analysis under § 10.58.090 and noted that many of the factors overlapped under ER 404(b).

A state trial court's admission of evidence, even if in violation of state law, is not a basis for federal habeas relief unless it rendered the trial fundamentally unfair in violation of due process. *Estelle v. McGuire*, 502 U.S. 62, 67–69 (1991). Federal courts will not reexamine state court decisions on state law questions. *Id.* at 68. If a state court erroneously admits evidence, habeas relief under 28 U.S.C. § 2254(d) is unavailable unless the evidence is forbidden by a Supreme Court holding. *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009).

Magistrate Judge Tsuchida's recommendation points out that "to the extent Mr. Fleming contends that the state court erred in its analysis of how the state evidentiary rules applied in his case, he is not entitled to federal habeas relief." (Dkt. No. 17 at 10.) Judge Tsuchida also stated that there was no Supreme Court holding forbidding admission of the evidence, because "an ex post facto problem does not arise for a law that 'does nothing more than admit evidence of a particular kind in a criminal case . . . which was not admissible under the rules of evidence as enforced by judicial decisions at the time the offense was committed.'" (*Id.* at 11, quoting *Thompson v. Missouri*, 171 U.S. 380, 387 (1898).) "The rule, 'by simply permitting evidence to be admitted at trial, . . . do[es] not concern whether the admissible evidence is sufficient to overcome the presumption [of innocence]." (Dkt. No. 17 at 11–12, quoting *Carmell v. Texas*, 529 U.S. 513, 533 n. 23 (2001).) Magistrate Judge Tsuchida concluded that "Mr. Fleming fails to demonstrate the state court's adjudication of his claim was contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or to otherwise demonstrate any violation of his constitutional rights." (Dkt. No. 17 at 12.)

Petitioner's objection primarily takes issue with the fact that K.F.'s testimony was

admissible for the purpose of proving his "lustful disposition." (Dkt. No. 18 at 1–2.) Mr. Fleming maintains that he is not questioning the state court's application of ER 404(b) and 403, but rather its application of § 10.58.090. (*Id.*) Petitioner argues that the evidence could only have been admitted under § 10.58.090 because the jury instructions allowed the evidence to be considered for the purpose of "determining . . . whether the defendant had a lustful disposition toward T.F." (*Id.* at 2, quoting Dkt. No. 14-3 at 12 (jury instructions).) Prior to the passage of § 10.58.090, under ER 404(b), the testimony of K.F. could not have been used to consider whether the defendant had a lustful disposition.

This is the first time Petitioner has raised the "lustful disposition" issue, and it appears to be more of a challenge to the jury instructions than anything else. To that extent, his challenge is untimely. As to the ex post facto argument, on petitioner's direct appeal, the Court of Appeals concluded that K.F.'s testimony could only have been admitted pursuant to ER 404(b); the court further held that any error in admitting the testimony was harmless. (Dkt. No. 13-2 at 4–7.) It is evident from the record that the trial court admitted the testimony under ER 404(b). Although it did address the § 10.58.090 factors, possibly in an abundance of caution, this did not violate the constitution's ex post facto clause. Furthermore, Magistrate Judge Tsuchida correctly distinguished § 10.58.090's role, which was to regulate admissible evidence, from statutes affecting the sufficiency of evidence required for a conviction, which would give rise to an ex post facto violation. Petitioner's objection boils down to a challenge to a state court decision on state law and, as such, is not entitled to habeas relief.

**C. Petitioner's Objection to the Denial of a Certificate of Appealability**

Petitioner's objection consists of one sentence requesting this Court grant a certificate of appealability. (Dkt. No. 18 at 3.) A certificate of appealability should issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further." *Wilson-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court concludes that no reasonable jurist could conclude that the issues presented deserve encouragement to proceed further, and Petitioner made no arguments to the contrary in his objections.

**III. CONCLUSION**

For the foregoing reasons, the Court ADOPTS the report and recommendation (Dkt. No. 17) in its entirety, OVERRULES the objections thereto (Dkt. No. 18) and DISMISSES Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. No. 5) with prejudice. Petitioner is DENIED issuance of a certificate of appealability. The Court respectfully requests the Clerk send a copy of this Order to the parties and Magistrate Judge Tsuchida.

DATED this 3rd day of November 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE